# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: T.S. & C.S.**

**No. 13-0167** (Hardy County 12-JA-02 & 12-JA-03)

**FILED**

June 28, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother filed this appeal, by counsel April Mallow, from a January 23, 2013 order of the Circuit Court of Hardy County, which terminated her parental rights to her children, T.S. and C.S. The guardian ad litem for T.S., Marla Harman, and the guardian ad litem for C.S., John Treadway Jr., have filed a joint response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee Niezgoda, filed a summary response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February and May of 2011, the DHHR received two referrals alleging that Petitioner Mother tazered C.S. and that the home was covered in animal feces and urine. In January of 2012, the DHHR received another referral alleging educational neglect of T.S because she missed twenty-nine days of school. After the allegations were substantiated the DHHR filed its petition in the instant case. This petition alleged educational neglect and neglect for failing to provide adequate housing with regard to T.S.[1] Petitioner Mother stipulated to educational neglect and unsanitary and unfit living conditions, which resulted in the family being evicted and homeless. The circuit court granted Petitioner Mother a six-month post-adjudicatory improvement period. The circuit court directed Petitioner Mother to address her employment, housing, parenting, and hygiene issues. At the close of the initial improvement period, Petitioner Mother filed a motion for an extension of her improvement period.

By order entered on September 26, 2012, the circuit court granted Petitioner Mother's motion for an extension of improvement period. The circuit court ruled that Petitioner Mother had not addressed the issues related to housing, employment, and "other noted concerns" but granted her a ninety-day extension because she was partially compliant. Following the dispositional hearing in January of 2013, the circuit court terminated Petitioner Mother's parental rights, finding that she made only minimal improvements over the pendency of this case, and that there was no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future. Petitioner Mother appeals this termination.

---

[1] At the time of the filing, C.S. was already in the custody of the DHHR, having previously been adjudicated a delinquent child.

1

Petitioner Mother argues that the circuit court erred in finding that she had not substantially corrected the issues which led to the removal of her children. Petitioner Mother argues that she is willing to cooperate with a reasonable family case plan and has substantially followed through with the family case plan to the best of her ability. In response, the DHHR notes that Petitioner Mother completed most of the services provided to her but failed to benefit from those services. As a result, Petitioner Mother failed to make a meaningful change because the issues that led to the filing of the initial petition reappeared. Both guardians ad litem support the circuit court's decision, arguing that Petitioner Mother was clearly unwilling to eliminate or take any steps to correct the conditions that led to the filing of the underlying petition.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of Petitioner Mother's parental rights. West Virginia Code § 49-6-5(a)(6), in pertinent part, directs that circuit courts shall, "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child, terminate the parental, custodial and guardianship rights and responsibilities of the abusing parent . . . ." In *West Virginia Dept. of Human Serv. v. Peggy F.,* 184 W.Va. 60, 64, 399 S.E.2d 460, 464 (1990) we stated that,

> it is possible for an individual to show 'compliance with specific aspects of the case plan' while failing 'to improve . . . [the] overall attitude and approach to parenting.' Thus, a judgment regarding the success of an improvement period is within the court's discretion regardless of whether or not the individual has completed all suggestions or goals set forth in family case plans.

*In Interest of Carlita B.*, 185 W.Va. 613, 626, 408 S.E.2d 365, 378 (1991). The record shows that Petitioner Mother failed to follow through with the family case plan and improve the circumstances that led to the filing of the instant petition. Specifically, the circuit court found

that "[d]ogs[2] continue to play a prominent role in the home . . . that minimal improvement has been made during the pendency of two improvement periods." Pursuant to West Virginia Code § 49-6-5(b)(3), this constitutes a situation in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future.

For the foregoing reasons, we affirm the circuit court's order terminating petitioner's parental rights.

Affirmed.

**ISSUED:** June 28, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[2] The abuse and neglect petition alleged that the floors in the home were covered with animal feces and urine.